| | | |
|---|---|---|
| CANDRA JONES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:19CV74 JCH |
| | ) | |
| WAL-MART STORES EAST I, LP, d/b/a | ) | |
| WALMART #2175, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Wal-Mart Stores East, LP's ("Walmart")

Motion for Partial Summary Judgment, filed November 15, 2019. (ECF No. 40). The motion is

fully briefed and ready for disposition.

## BACKGROUND

On December 24, 2017, Plaintiffs Candra Jones ("C. Jones"), Ramona Jones ("R.

Jones"), Dekisha Jones ("D. Jones"), Andria Goodwin ("A. Goodwin"), William T. Jones ("W.

Jones"), Dekisha Jones as Mother and Next Friend of JN, a minor child ("JN"), and Shylanda

Jones as Mother and Next Friend of SG, a minor child ("SG"), travelled to the Branson West,

Missouri Walmart to purchase groceries. (Walmart's Statement of Undisputed Material Facts in

Support of Motion for Partial Summary Judgment ("Walmart's Facts"), ¶ 1). All Plaintiffs are

African-Americans. (First Amended Complaint, Counts I, VII, X, XIII, XVI, XIX, XXII, ¶ 6).

Plaintiffs W. Jones, R. Jones, and D. Jones drove to the store in one car, while Plaintiffs C.

Jones, A. Goodwin, JN and SG drove in another. (Walmart's Facts, ¶ 3). On that date, former

Walmart employee Matthew D. Johnson ("Johnson") was an employee of Walmart.[1]  (*Id.*, ¶ 2).

While in the parking lot of the store, C. Jones, A. Goodwin, SG and JN argued with Johnson.  (Walmart's Facts, ¶ 4).  Plaintiffs maintain that during the altercation, Johnson used inappropriate racial language, and intentionally pushed shopping carts into the leg of C. Jones. (*Id.*, ¶¶ 5, 6).  Johnson also used racial slurs against R. Jones and D. Jones.  (*Id.*, ¶ 8).

After the altercation Plaintiffs, along with Johnson, entered the store to report Johnson's conduct to a manager.  (Walmart's Facts, ¶¶ 7, 8).  Once inside the store Plaintiffs reported the incident to managers, and the managers apologized to Plaintiffs and indicated they did not condone Johnson's actions.  (*Id.*, ¶¶ 9, 10).  Johnson himself later apologized to C. Jones, A. Goodwin, SG and JN for his actions.  (*Id.*, ¶ 11).

While Plaintiffs were inside the store, nobody from Walmart prevented them from making purchases; instead, they were free to shop after the incident.  (Walmart's Facts, ¶¶ 12, 16).  C. Jones made a single purchase from the store, cigarettes, but no other member of her party attempted to purchase anything.  (*Id.*, ¶¶ 13-15).  Plaintiffs instead voluntarily left the store after the incident because they were upset.  (*Id.*, ¶ 17).

Plaintiffs filed their original Complaint in this matter on January 18, 2019.  (ECF No. 1). In their First Amended Complaint, filed March 25, 2019, Plaintiffs assert the following claims for relief:  42 U.S.C. § 1981 (all Plaintiffs) (Counts I, VII, X, XIII, XVI, XIX, XXII); 42 U.S.C. § 2000a (all Plaintiffs) (Counts II, VIII, XI, XIV, XVII, XX, XXIII); Missouri Human Rights Act (all Plaintiffs) (Counts III, IX, XII, XV, XVIII, XXI, XXIV); Battery (Plaintiff C. Jones) (Count IV); Negligence (Plaintiff C. Jones) (Count V); and Negligent Hiring, Training and Supervision (Plaintiff C. Jones) (Count VI).  (ECF No. 15).

---

[1] According to Plaintiffs, Johnson is Caucasian.  (Plaintiffs' Statement of Additional Material Facts, ¶ 5).

As stated above, Walmart filed the instant Motion for Partial Summary Judgment on November 15, 2019, claiming there exists no genuine issue as to any material fact, and thus Walmart is entitled to judgment as a matter of law on the majority of Plaintiffs' claims. (ECF No. 40).

## SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

A moving party always bears the burden of informing the Court of the basis of its motion. *Celotex*, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. *Anderson*, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. *Anderson*, 477 U.S. at 255. The Court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. *Id.* at 249.

## DISCUSSION

**I.      42 U.S.C. § 1981**

42 U.S.C. § 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right…to make and enforce contracts….as is enjoyed by white citizens."  42 U.S.C. § 1981(a).  "First enacted in 1866, the statute was amended in 1991 to define 'make and enforce contracts' to include 'the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.'"  *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 468 (8th Cir. 2009) (quoting 42 U.S.C. § 1981(b)).

"While § 1981 prohibits racial discrimination in all phases and incidents of a contractual relationship, the statute does not provide a general cause of action for race discrimination."  *Gregory*, 565 F.3d at 468 (internal quotations and citations omitted).  "Rather, the 1991 amendments retained the statute's focus on contractual obligations," and "Congress positively reinforced that element by including in the new § 1981(b) reference to a *contractual relationship*."  *Id.* (emphasis in original) (internal quotations and citations omitted).  While any claim brought pursuant to § 1981 must initially identify an impaired contractual relationship under which the plaintiff has rights, however, the statute is not limited to existing contractual relationships.  *Id.* at 468-69.  Instead, it "protects the would-be contractor along with those who already have made contracts, and it thus applies to discrimination that blocks the creation of a contractual relationship that does not yet exist."  *Id.* at 469 (internal quotations and citations omitted).

The Eighth Circuit has identified several elements to a claim under § 1981, as follows: "(1) membership in a protected class, (2) discriminatory intent on the part of the defendant, (3) engagement in a protected activity, and (4) interference with that activity by the defendant."

*Gregory*, 565 F.3d at 469 (citing *Green v. Dillard's, Inc.*, 483 F.3d 533, 538 (8th Cir. 2007);

*Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004)).  Walmart focuses its attention on

elements (3) and (4), claiming Plaintiffs are unable to establish they engaged in a protected

activity, and/or that Walmart interfered with a protected activity.  (Walmart's Memorandum in

Support of Motion for Partial Summary Judgment ("Walmart's Memo in Support"), P. 4).

In order to show protected activity in the retail context, "§ 1981 plaintiffs are required to

demonstrate that they actively sought to enter into a contract with the retailer.  There must have

been some tangible attempt to contract."  *Withers v. Dick's Sporting Goods, Inc.*, 636 F.3d 958,

963 (8th Cir. 2011) (internal quotations and citation omitted).  "In view of the statute's focus on

protecting a contractual relationship, a shopper advancing a claim under § 1981 must show an

attempt to purchase, involving a specific intent to purchase an item, and a step toward

completing that purchase."  *Gregory*, 565 F.3d at 470 (citing *Green*, 483 F.3d at 538 (holding

that shopper satisfied third element by selecting a specific item in display case and

communicating to sales clerk her desire to purchase that item); *Denny v. Elizabeth Arden Salons,

Inc.*, 456 F.3d 427, 435 (4th Cir. 2006) (holding that plaintiffs who had purchased and received a

gift package entitling the recipient to a variety of salon services had demonstrated a contractual

relationship); *Williams v. Staples, Inc.*, 372 F.3d 662, 668 (4th Cir. 2004) (holding that the

plaintiff sought to enter a contractual relationship when he offered payment by check); *Christian

v. Wal-Mart Stores, Inc.*, 252 F.3d 862, 874 (6th Cir. 2001) (holding that a plaintiff who had

selected merchandise for purchase by placing it in her cart, had the means to purchase, and

would have purchased the merchandise had she not been asked to leave the store had shown a

sufficient contractual relationship to bring a § 1981 claim); *cf. McQuiston v. K-Mart Corp.*, 796

F.2d 1346, 1348 (11th Cir. 1986) (holding that when a customer lifts an item from a shelf or rack

to determine its price, there is no contractual relationship with the seller)).

With respect to element four, the Eighth Circuit has held that "[t]o demonstrate unlawful interference by a merchant under § 1981, the fourth element, a plaintiff must show that the retailer thwarted the shopper's attempt to make a contract." *Withers*, 636 F.3d at 965 (internal quotations and citation omitted). "By thwart, we mean that interference is established where a merchant blocks the creation of a contractual relationship." *Id.* (internal quotations and citations omitted).

As noted above, Plaintiffs here admit that while they were inside the store, no Walmart employee prevented them from making purchases; instead, they were free to shop after the incident. (*See* Walmart's Facts, ¶¶ 12, 16 and Plaintiffs' response thereto). Furthermore, the only Plaintiff who attempted to make a purchase, C. Jones, did so successfully. (*Id.*, ¶¶ 13-15 and Plaintiffs' response thereto). Under these circumstances, the Court finds that all Plaintiffs other than C. Jones have failed to establish they engaged in a protected activity, as required for element three. *See Gregory*, 565 F.3d at 473 (citations omitted) ("Absent an allegation that the plaintiffs attempted to purchase merchandise, the complaint fails to meet the foundational pleading requirements for a suit under § 1981, because it does not satisfy the third element that the plaintiffs attempted to make a contract. Protected activity under the statute does not extend to the mere expectation of being treated without discrimination while shopping.").[2] Furthermore,

---

[2] In their response, Plaintiffs urge the Court to adopt the standard for a § 1981 claim applied by the Sixth Circuit in *Christian v. Wal-Mart Stores, Inc.*, 252 F.3d 862 (6th Cir. 2001). (Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion for Partial Summary Judgment ("Plaintiffs' Opp."), P. 3). In that case, the Court held § 1981 plaintiffs are required only to show that they made themselves available to receive and pay for services ordinarily provided by the defendant, and they did not enjoy the privileges and benefits of the contracted for experience because they either were deprived of services, or they received services in a markedly hostile manner. *Christian*, 252 F.3d at 871. Both *Gregory* and *Withers* were decided after *Christian*, however, and the Eighth Circuit did not expand its definitions of protected activity or unlawful

in light of C. Jones's completed purchase, the Court finds that all Plaintiffs have failed to establish Walmart interfered with a protected activity, as required for element four. Plaintiffs' § 1981 claims will therefore be dismissed.

**II.      42 U.S.C. § 2000a**

Title VII of the Civil Rights Act of 1964, as amended, guarantees that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin." *See* 42 U.S.C. § 2000a(a). The Act continues to define "place of public accommodation" in relevant part as follows:

> (2)      any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises, including, but not limited to, any such facility located on the premises of any retail establishment… and
> (4)      any establishment (A)(i) which is physically located within the premises of any establishment otherwise covered by this subsection, or (ii) within the premises of which is physically located any such covered establishment, and (B) which holds itself out as serving patrons of such covered establishment.

42 U.S.C. § 2000a(b)(2), (4).

In its Motion for Summary Judgment Walmart contends it is entitled to summary judgment on this claim because, as a matter of law, retail stores are not places of public accommodation. (Walmart's Memo in Support, P. 6). *See also Xiaohong Zhang v. Home Depot USA, Inc.*, Case No. 4:17CV2477 JAR, 2017 WL 6039549, at *2 (E.D. Mo. Dec. 6, 2017) ("Retail stores are not places of public accommodation."). Plaintiffs do not dispute this

---

interference. *See Gregory*, 565 F.3d at 470 ("To the extent that the plaintiffs urge us to expand our interpretation of the statute beyond the elements stated in *Green*, and to declare that a shopper need only enter a retail establishment to engage in protected activity under § 1981, we decline to do so.").

contention in their response. Instead, they assert for the first time that Walmart qualifies as a

place of public accommodation because there is a Subway shop within it, *i.e.*, a covered

restaurant principally engaged in selling food for consumption on the premises. (Plaintiffs' Opp.

P. 4). As support for this assertion, Plaintiffs provide an affidavit from Mr. J. Dwight McNiel, a

licensed private investigator, who attests in relevant part as follows:

> 2.      At the request of attorney Edward J. Szewczyk[3], I went to the Walmart
> Supercenter, 18401 MO-13, Branson West, Missouri 65737, on Saturday,
> December 28, 2019.
> 3.      I entered the Walmart described above and observed a Subway Restaurant
> inside and within the said Walmart, which was open to the public and which sold
> and served prepared food to customers for consumption within the store.
> 4.      While in the store on December 28, 2019, I purchased a soft drink at the
> Subway Restaurant….
> 5.      I took a number of photographs within the Walmart on December 28,
> 2019.
> 6.      The photographs attached hereto and marked "Group Exhibit B" were
> taken by me and they truly and accurately show the Subway Restaurant within the
> said Walmart Supercenter.

(*See* ECF No. 57-1). In its reply memorandum Walmart asserts, among other things, that Mr.

McNiel's affidavit should not be considered as he was not previously disclosed as a witness in

this matter. (Walmart's Reply Memorandum in Support of Motion for Partial Summary

Judgment, P. 8).

Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure requires a party to provide to

the other parties "the name and, if known, the address and telephone number of each individual

likely to have discoverable information—along with the subjects of that information—that the

disclosing party may use to support its claims or defenses, unless the use would be solely for

impeachment." Furthermore, Rule 26(e)(1)(A) requires a party who has disclosed information

under Rule 26(a), or responded to an interrogatory, request for production, or request for

---

[3] Mr. Szewczyk is Plaintiffs' attorney in this matter.

admission, to "supplement or correct its disclosure or response in a timely manner if the party

learns that in some material respect the disclosure or response is incomplete or incorrect, and if

the additional or corrective information has not otherwise been made known to the other parties

during the discovery process or in writing." Finally, Rule 37(c)(1) provides in relevant part that

"[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the

party is not allowed to use that information or witness to supply evidence on a motion, at a

hearing, or at a trial, unless the failure was substantially justified or is harmless."

Under Eighth Circuit law, "[w]hen a party fails to provide information or identify a

witness in compliance with Rule 26(a) or (e), the district court has wide discretion to fashion a

remedy or sanction as appropriate for the particular circumstances of the case." *Wegener v.

Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) (citations omitted). "The district court may exclude

the information or testimony as a self-executing sanction unless the party's failure to comply is

substantially justified or harmless." *Id.* (citation omitted).

Pursuant to this Court's Case Management Order, discovery in this matter closed on

November 21, 2019. (*See* ECF No. 16). It is undisputed that Mr. McNiel was not disclosed in

any way prior to the filing of Plaintiffs' response to Walmart's Motion for Summary Judgment

on January 10, 2020, and Plaintiffs offer no justification for their failure to disclose the witness

prior to the discovery deadline. Furthermore, Walmart persuasively argues the failure to disclose

was not harmless, as had Mr. McNiel been disclosed Walmart would have conducted discovery

into whether the Subway was in fact a place of public accommodation principally engaged in

selling food for consumption on the premises, as required by 42 U.S.C. § 2000a(b)(2), whether

Walmart held itself out as serving patrons of the Subway, as required by 42 U.S.C. §

2000a(b)(4)(B), and whether the Subway was located "within the premises" of Walmart at all,

and especially on the date of the incident, December 24, 2017, as required by 42 U.S.C. § 2000a(b)(4)(A)(ii).[4]

In light of the foregoing, the Court finds it appropriate to exclude Mr. McNiel's affidavit. Plaintiffs offer no other evidence that Walmart was a place of public accommodation at the time of the incident, and so this portion of Walmart's Motion for Partial Summary Judgment must be granted.[5]

## III.    Supplemental Jurisdiction

As noted above, in their Complaint Plaintiffs assert other claims for relief, as follows: Missouri Human Rights Act (all Plaintiffs); Battery (Plaintiff C. Jones only); Negligence (Plaintiff C. Jones only); and Negligent Hiring, Training and Supervision (Plaintiff C. Jones only).    Plaintiffs assert this Court has supplemental jurisdiction over their state-law claims pursuant to 28 U.S.C. § 1367.  (*See, e.g.*, Complaint, Counts III, IV, V, VI, ¶ 3).

28 U.S.C. § 1367 provides that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  The district court may decline to exercise such supplemental jurisdiction, however, if "the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).

Here, the Court has determined that all potential federal claims should be dismissed.

---

[4] As noted above, Mr. McNiel did not visit the Walmart in question until December 28, 2019, over two years after the incident took place.
[5] As further support for its ruling, the Court notes Plaintiffs offer no rebuttal to Walmart's assertion that even assuming Walmart was a place of public accommodation, Plaintiffs were not denied access.

Therefore, in accordance with § 1367, the Court will decline to exercise supplemental jurisdiction over Plaintiffs' state law claims, and instead will dismiss them for lack of jurisdiction. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Wal-Mart Stores East, LP's Motion for Partial Summary Judgment (ECF No. 40) is **GRANTED** in part.

**IT IS FURTHER ORDERED** that Counts I, II, VII, VIII, X, XI, XIII, XIV, XVI, XVII, XIX, XX, XXII and XXIII of Plaintiffs' First Amended Complaint are **DISMISSED** with prejudice. Counts III, IV, V, VI, IX, XII, XV, XVIII, XXI, and XXIV of Plaintiffs' First Amended Complaint are **DISMISSED** without prejudice. A separate Judgment will accompany this Memorandum and Order.


Dated this 6th Day of February, 2020.


/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE